

THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 30, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-677

Re: Questions relating to
the transfer of moneys
to the available school
fund and the certifica-
tion required by H.B. 5,
1st Called Session,56th
Dear Mr. Calvert:                Legislature.

You have requested an opinion concerning certifica-
tion required by House Bill 5, Acts of the 56th Legislature,
First Called Session, 1959, as relating to the transfers of
moneys to the available school fund. You state in your re-
quest that the outstanding appropriation on August 31, is
estimated to be $8,311,604. It is estimated such amount in
cash will be in the available school fund and that warrants
cannot be issued in the current fiscal year. You then ask
whether in certifying general fund appropriations such sum
is to be deducted from the cash condition or the anticipated
revenues for the next biennium.

In Attorney General's Opinion WW-640 (1959), it was
held that the Comptroller:

"in certifying it to the House in
which same originated, should by virtue
of the mandate of Section 49a of Article
III of the Constitution, take into con-
sideration every element that bears upon
the amount of funds that will be available,
including an estimate of the amount of
funds that will not be expended under the
appropriations for the present biennium,
as well as an estimate of the amount of funds
that will not be disbursed by virtue of ap-
propriations made for the next biennium."

In Attorney General's Opinion WW-673 (1959), it was held:

> "It follows from what we have said that the Comptroller should not for the purpose of certification deduct the subject deficit from the cash condition of the Treasury on August 31, or from the anticipated revenues for the next biennium. <u>Since the sum will represent an outstanding and undisbursed appropriation at the end of the current biennium, it should be considered as probable disbursements of the succeeding biennium.</u> In estimating the total disbursements for the ensuing biennium, the Comptroller should not include the amount of funds appropriated but which he anticipates will not be disbursed during the biennium."

Attorney General's Opinion WW-673 (1959), relating to allocations to the Teacher Retirement System is equally applicable to your request. You are therefore advised that since the sum referred to in your request will represent outstanding and undisbursed appropriations at the end of the current biennium, it should be considered as probable disbursements of the succeeding biennium.

## SUMMARY

Outstanding and undisbursed appropriations in the available school fund at the end of the current biennium should be considered as probable disbursements of the succeeding biennium for the purpose of making certification.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _John Reeves_
John Reeves
Assistant

JR:rm

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Jot Hodges, Jr.
Henry G. Braswell
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore